# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CENTER FOR FOOD SAFETY, | ) | Case No. 17-CV-02239 |
| 660 Pennsylvania Ave SE #302 | ) | |
| Washington, DC 20003 | ) | |
| | ) | |
| *Plaintiff,* | ) | **COMPLAINT FOR INJUCTIVE RELIEF** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| UNITED STATES | ) | |
| DEPARTMENT OF THE INTERIOR | ) | |
| BUREAU OF LAND MANAGEMENT, | ) | |
| 1849 C St. N.W. | ) | |
| Washington, DC 20240 | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF

### I.      NATURE OF ACTION

1.       This is a civil action under the Freedom of Information Act (FOIA), 5 U.S.C.

§ 552, for injunctive relief seeking the disclosure and release of agency records improperly

withheld from Plaintiff, Center for Food Safety (CFS), by Defendant, Department of the Interior

(DOI), and its component agency Bureau of Land Management (BLM).

### II.      JURISDICTION AND VENUE

2.       This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction

over this action pursuant to 28 U.S.C. § 1331.  Venue lies in this district under 5 U.S.C. §

552(a)(4)(B).

### III.      PARTIES

3.       Plaintiff CFS is a national 501(c)(3) nonprofit public interest and

environmental advocacy organization working to protect human health and the environment by

promoting sustainable agriculture.  CFS has over 750,000 members across the country, with

approximately 92,000 residing in California, including farmers, businesses, and consumers

whose economic and personal wellbeing depends upon decisions regarding food production and

equitable water distribution.  CFS takes a holistic approach in pursuing its mission, using legal

actions, scientific and policy reports, educational events, marketing campaigns, and grassroots

organizing.

4.      Defendant DOI is a Department of the Executive Branch of the United States Government and includes component entity BLM.  DOI is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## IV.     LEGAL BACKGROUND

5.      The Freedom of Information Act requires that "[e]ach agency, upon request for records…shall…determine within 20 days…after receipt of any such request whether to comply with such request and shall immediately notify the person making such a request of…such determination and the reasons therefor."  5 U.S.C. § 552(a)(6)(A).

6.      Under FOIA, "[a]ny person making a request to any agency for records…shall be deemed to have exhausted his administrative remedies…if the agency fails to comply with the applicable time limit provision[.]"  5 U.S.C. § 552(a)(6)(C)(i).

7.      When an agency makes a determination to comply with a request for records, FOIA requires that "the records shall be made promptly available to such a person making such request."  5 U.S.C. § 552(a)(6)(C)(i).

8.      If an agency has not responded within the statutory time limits of 5 U.S.C. § 552(a)(6)(C), "the requester may bring suit" and constructive exhaustion "allows immediate recourse to the courts to compel the agency's response to a FOIA request."  *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 62, 64 (D.C. Cir. 1990).

9.      In order for a response to be sufficient for purposes of requiring an administrative appeal, it must include: (1) "the agency's determination of whether or not to comply with the request", (2) "the reasons for its decision", and (3) "notice of the right of the requester to appeal to the head of the agency if the initial agency decision is adverse."  *Oglesby*,

920 F.2d at 65; *see also Citizens for Responsibility and Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) ("in order to make a 'determination' and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse.").

10.     Moreover, FOIA requires that a determination under 5 U.S.C. § 552(a)(6)(A) "must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future." *Citizens for Responsibility and Ethics in Washington*, 711 F.3d at 188.

11.     In regards to actual production, "FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." *Id*.; 5 U.S.C. § 552(a)(3)(A), (a)(6)(C).

12.     Finally, "if the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court." *Id*. at 189-90.


## V.     FACTUAL BACKGROUND

13.     By letter to BLM dated April 5, 2017, Plaintiff submitted a Freedom of Information Act request for "[a]ny and all documents related to Instruction Memorandum No. 2017-060" and "[a]ny and all documents related to Instruction Memorandum No. 2014-122" (April 5 FOIA Request).

4

14.     By letter to BLM dated April 6, 2017, Plaintiff submitted a Freedom of Information Act request for "[a]ny and all documents related to the Cadiz Valley Water Conservation, Recovery and Storage Project", "[a]ny and all documents related to Cadiz, Inc", "[t]he 'Case-Specific Evaluation' of the Cadiz project dated on or about October 2, 2015", and "[a]ll documents referenced within the Case Specific Evaluation" (April 6 FOIA Request).

15.     BLM confirmed receipt of the April 5 FOIA Request by email dated April 11, 2017, assigning that request the control number 2017-00482.

16.     On June 29, 2017, Plaintiff inquired into the status of the April 6 FOIA Request in an email sent to BLM's FOIA Officer.

17.     As of the date of this Complaint, Plaintiff has received no documents or further communications in response to either the April 5 FOIA Request, the April 6 FOIA Request, or Plaintiff's subsequent inquiry.

18.     By letter dated October 13, 2017, BLM informed Mr. Scott Slater, the CEO and president of Cadiz, Inc. (the entity responsible for the project that is the subject of Plaintiff's April 6 FOIA Request) that the Cadiz project does not require authorization by BLM, due to the agency's "further review of the relevant law" and as a result of the agency's consideration of its Instruction Memorandum No. 2017-060, which had superseded its Instruction Memorandum No. 2014-122 (the subjects of Plaintiff's April 5 FOIA Request).  BLM's October 13 letter was in reply to two letters submitted to the agency by Mr. Slater, dated May 22, 2017, and July 17, 2017.[1]

---

[1] *See* Letter from Michael D. Nedd, Acting Director, Bureau of Land Management, to Mr. Scott Slater, President/CEO, Cadiz, Inc. (Oct. 13, 2017), http://www.cadizinc.com/downloads/BLM%20to%20Cadiz%2010-13-17.pdf.

19.        The failure of BLM to properly respond to Plaintiff's FOIA requests, and its failure to provide any documents in response to these requests, prevented Plaintiff from participating in the decision-making process regarding the Cadiz Valley Water Conservation, Recovery and Storage Project that are represented and memorialized in BLM's October 13 letter to Mr. Slater.  The October 13 letter demonstrates that BLM chose to devote time and effort to directly respond to and make a determination regarding a project applicant and a proposed project, while claiming to not have the time or capacity to provide public documents to the Plaintiff that would have enabled Plaintiff to participate in that same decision-making process.

20.        BLM's withholding of documents and failure to respond to Plaintiff's request, while relevant agency decisions are being made, thwarts FOIA's central purpose of opening agency action up to public scrutiny.

## V.        CAUSES OF ACTION

### FIRST CAUSE OF ACTION

21.        BLM has failed to timely comply with the April 6 FOIA Request.

22.        To date, BLM has not provided the records requested by Plaintiff in its April 6 FOIA Request, notwithstanding the requirement of 5 U.S.C. § 552(a)(6)(A) of an agency response within twenty working days.

23.        To date, BLM has not responded to Plaintiff's inquiry into the status of the April 6 FOIA Request, nor notified Plaintiff of its determination whether to comply with the request, despite being required by 5 U.S.C. § 552(a)(6)(A) to respond within twenty working days.

24.      Plaintiff has exhausted the applicable administrative remedies with respect to the April 6 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

25.      BLM has wrongfully withheld the requested records from Plaintiff.

## SECOND CAUSE OF ACTION

26.      BLM has failed to timely comply with the April 5 FOIA Request.

27.      To date, BLM has not provided the records requested by Plaintiff in its April 5 FOIA Request, notwithstanding the requirement of 5 U.S.C. § 552(a)(3)(A) and 5 U.S.C. § 552(a)(6)(C) to make agency records "promptly available" after an agency's initial determination whether to comply with a FOIA request.

28.      To date, BLM has not notified Plaintiff of its determination whether to comply with the April 5 FOIA Request beyond a mere general assertion that any compliance with the request would be done on an "Exceptional/Voluminous" track, despite being required by 5 U.S.C. § 552(a)(6)(A) to determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents within twenty working days.

29.      Plaintiff has exhausted the applicable administrative remedies with respect to the April 5 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

30.      BLM has wrongfully withheld the requested records from Plaintiff.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.      Order BLM to disclose the requested records in their entireties and make copies available to Plaintiff;

7

B.      Provide for expeditious proceedings in this action;

C.      Award Plaintiff its costs and reasonable attorneys fees incurred in this action;

and

D.      Grant such other relief as the Court may deem appropriate.

Dated this 30th day of October, 2017.

Respectfully submitted,

CENTER FOR FOOD SAFETY

/s/ Sylvia Shih-Yau Wu

SYLVIA SHIH-YAU WU (Cal. Bar # 273549)

/s/ Adam Keats

ADAM KEATS (*Pro Hac Vice* Pending)
Center for Food Safety
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
T: (415) 826-2770 / F: (415) 826-0507
Emails: swu@centerforfoodsafety.org
      akeats@centerforfoodsafety.org

*Counsel for Plaintiff*